5   201
5   274
14*  131
15*   2

# THE PEOPLE OF THE TERRITORY OF UTAH, RESPONDENT, v. ABRAM CHALMERS, APPELLANT.

CRIMINAL LAW.—STATEMENT OF CASE TO JURY.—Prosecuting attorney in opening case may state to the jury that the defendant made forcible resistance to the officers when making his arrest, when he expects to offer evidence to prove the fact.

ID.—"EDMUNDS-TUCKER" OATH.—A jury was selected on the 2d day of March, 1887, to try a cause and duly sworn in cause and trial begun. On the 3d day of March, 1887, an Act of Congress went into effect prescribing an additional qualification; held, that the law did not apply to a jury already sworn in a case.

ID.—BATTERY.—Where the indictment charged that defendant with a pistol loaded with gunpowder and bullets, in and upon one P. made an unlawful and felonious assault and did shoot off one of the bullets at and against the person of the said P., the indictment charges a battery.

ID.—CONVICTION FOR LESSER OFFENCE.—When a minor offense is included in a greater, the defendant may be acquitted of the latter and convicted of the former, unless the allegation is in a form not charging the lesser offense.

ID.—NEW TRIAL.—Where evidence is conflicting, and no mistake or improper motive is shown on part of the jury, verdict will not be disturbed.

APPEAL from a judgment of the district court of the first district and from an order refusing a new trial. The opinion states the facts.

*Mr. A. G. Sutherland,* for the appellant.

*Mr. George S. Peters,* for the respondent.

ZANE, C. J.:

The appellant was tried on an indictment charging him with an assault on one John Pitt with intent to murder. In stating the case to the jury, the prosecuting attorney said that he expected the evidence to be offered would show that the defendant, after the assault, made forcible resistance to the officers when making his arrest, and threatened their lives if they should do so. To this statement counsel for the defendant objected, but the court

overruled the same, and the counsel excepted, and assigns such ruling as error. The conduct of a person accused of crime, in attempting to prevent an arrest by resistance to lawful authority, or by flight, is admitted in evidence against him as indicating consciousness of guilt. The acts and voluntary expressions of a person accused of crime, at the time of his arrest, are always admissible in evidence against him. *People* v. *Abbott*, (supreme court of California), 4 Pac. Rep., 769. It is proper for a prosecuting attorney, in stating a case, to mention any admissible fact of which he expects to offer evidence. The court must take the word of an attorney as to the evidence he expects to offer.

On the second day of March, 1887, a jury having the requisite legal qualifications was selected and accepted, and the oath then prescribed by law was administered. On the next day "An act to amend an act entitled 'An act to amend section 5352 of the Revised Statutes of the United States, in reference to bigamy, and for other purposes,' approved March 22, 1882," went into force. The twenty-fourth section of this law in terms required all jurors to take an additional oath. On the next day (it being March 4th) the counsel for the defendant moved the court to require the jury to take this last-mentioned oath, which motion the court denied, and the counsel excepted, and assigns that ruling as error. Our view is that the intention of Congress was to apply the additional test to such jurors as might be sworn in a case after the law should take effect; that it was not the intention to disqualify such as were competent at the time they entered upon the trial. Jurors to try a case are selected for a particular duty, and their qualifications should be determined before they enter upon its discharge. If the members of a jury cannot be changed during the trial, their qualifications ought not to be, because the application of new tests may involve a change of individuals, and such a change might acquit a guilty party without an actual trial, and thereby defeat the ends of justice. If any of the jurors, when required to take the additional oath, had refused, the court would have been compelled to discharge him, and the

case would there have ended. It would have been the same as an acquittal. If a juror, during the trial, becomes so sick as to be unable to discharge the duties imposed upon him as such, or becomes insane, or is removed by death, the same consequences would not follow, because it would be the result of a natural cause—a cause above and overruling human power. The necessity would be overwhelming. The accused party is placed in jeopardy when the jury is sworn. In contemplation of law, the trial then commences. A discharge of the jury trying a party charged with felony, unless for an overwhelming necessity, or at the request of such party, effects his acquittal: *McFadden* v. *Com.*, 23 Pa. St., 12. Such a discharge, because of a refusal to take the new oath, would not have been at the instance of the defendant.

Counsel for defendant also urges that the jury was not authorized to find the defendant guilty of a battery on the indictment upon which he was tried. It is alleged, in the indictment, that the defendant, with a pistol loaded with gunpowder and bullets, in and upon one John Pitt made an unlawful and felonious assault, and did shoot off one of the bullets at and against the person of the said John Pitt. "A battery is any willful and unlawful use of force or violence upon the person of another." Comp. Laws Utah, 1876, p. 592. The indictment describes a battery as defined in the statute. It is stated that the assault was upon Pitt, and that the bullet was shot at and against his person. Section 301, Laws Utah, 1878, provides that "the jury may find the defendant guilty of an offense the commission of which is necessarily included in that with which he is charged." While an assault with intent to murder might be charged without describing a battery, this charge does include that offense. The acts constituting the crime, as charged in the indictment, include those essential to the description of a battery. At common law there could be no conviction for a misdemeanor on an indictment for a felony. The reason upon which the rule was established, was that persons indicted for a misdemeanor had certain advantages at the trial, such as to make a full defense by counsel, and to have a copy of the

indictment, and a special jury not then permitted in felony. Such reasons do not exist in this territory, and we therefore disregard the rule. When a minor offense is included in a greater, the defendant may 'be acquitted of the latter, and convicted of the former, unless the allegation is in a form not charging the lower: Bish. Crim. Law, note 1, secs. 780, 794; Whart. Amer. Crim. Laws, secs. 616, 617.

Finally, it is insisted that the court erred in overruling the motion for a new trial because the evidence showed that the defendant committed the battery in necessary self-defense, as he alleges. There was a conflict in the evidence as to whether the injured party assaulted the defendant before the shot was fired by the latter. It does not appear that the jury labored under a mistake in considering their verdict, or that they were actuated by any improper motive. We are of the opinion that the evidence was sufficient to authorize the verdict.

Finding no error in the record, we affirm the judgment of the trial court.

BOREMAN, J., and HENDERSON, J., concurred.